Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 3997 | DATE | 9/29/2000 |
| CASE TITLE | UNITED STATES ex rel. KEVIN RICE vs. RONALD HAWS | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   The petition for writ of habeas corpus [1-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | Document Number |
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 0 6 2000 | | |
| | Notified counsel by telephone. | | | date docketed | 18 |
| | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | ED-7 FILED FOR DOCKETING | 9/29/2000 | |
| | Copy to judge/magistrate judge. | | 00 OCT -5 PM 6:56 | date mailed notice | |
| SB | courtroom deputy's initials | | | jad | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United State of America ex rel. KEVIN RICE, ) | |
| ) | |
| Plaintiff, ) | No. 00 C 3997 |
| ) | |
| v. ) | Suzanne B. Conlon, Judge |
| ) | |
| RONALD HAWS, Warden, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Kevin Rice petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rice names Warden Ronald Haws as respondent. Respondent informed the court in its response brief that Haws has been replaced by Edwin Bowen as warden of the Centralia Correction Center. Therefore, pursuant to Rule 2(a) of the Rules governing § 2254 cases, Warden Bowen is substituted as the respondent.

## BACKGROUND

The factual findings of a state trial or appellate court are presumed true in a federal habeas proceeding unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). As there is no evidence before the court to rebut this presumption, the court adopts the Illinois appellate court's statement of facts. People v. Rice, 247 Ill.App.3d 415 (Ill.App. 1993).

In 1992, Rice was convicted of possession of heroin in the Circuit Court of Cook County, Illinois. He was sentenced to a prison term of 20 years. On May 27, 1993, the Illinois appellate court reversed because the trial court excluded statements by Rice's co-defendant that were against his penal interest at a suppression hearing. On April 20, 1995, the Illinois Supreme Court reversed and

remanded, finding the trial court did not err in excluding the testimony at Rice's trial because the state did not have an adequate opportunity to cross-examine Rice's co-defendant at the suppression hearing. People v. Rice, 166 Ill.2d 35 (Ill.1995). On December 30, 1996, the appellate court affirmed all remaining issues. People v. Rice, 286 Ill.App.3d 394 (Ill.App. 1996). Rice filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on June 4, 1997. People v. Rice, No. 82941 (Ill. 1997). Resp. Br., Ex. G.

While pursuing his direct appeal, Rice also filed a post-conviction petition in the Circuit Court of Cook County on September 12, 1996. On February 26, 1997, the trial court summarily dismissed the petition as frivolous and without merit pursuant to 725 ILCS 5/122-2.1. People v. Rice, No. 89 CR 16842. Resp. Br., Ex. H. The dismissal was affirmed by the appellate court on May 17, 1999. People v. Rice, No. 1-97-1181. Id. at Ex. K. That opinion concluded, *inter alia*, that the post-conviction petition was untimely filed. This issue was not briefed by the parties at the trial court level because the petition was summarily dismissed by the trial judge without awaiting a response by the state. Rice's appeal of this decision to the Illinois Supreme Court was denied on October 6, 1999. People v. Rice, No. 87765. Id. at Ex. M.

Rice originally filed his habeas petition in this court on November 13, 1997. Rice v. Haws, No. 97 C 7908 (N.D.Ill. 1997) (Conlon, J.). The petition was dismissed without prejudice for failure to exhaust state remedies. On May 9, 2000, Rice moved to "renew" his habeas petition before this court. The court struck the renewed petition and supporting memorandum, suggesting that Rice file a new petition.

On June 30, 2000, Rice filed this petition for a writ of habeas corpus. Rice v. Haws, No. 00 C 3997. The petition alleges various errors in Rice's trial: exclusion of exculpatory evidence,

improper jury instructions, and refusal to grant a severance of the co-defendants. It also alleges that the prosecutors failed to provide exculpatory evidence, in violation of Brady v. Maryland, 373 U.S. 83 (1963). Bowen moves to dismiss the petition as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

## DISCUSSION

### I  AEDPA's statute of limitations

Before this court reaches the merits of Rice's petition for a writ of habeas corpus, it must first determine whether the petition was timely filed. The AEDPA amended 28 U.S.C. § 2244 and placed a one-year statute of limitations on the filing of a habeas corpus petition under § 2254. The one-year limitations period, with certain exceptions not applicable to this case, begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When no petition for a writ of *certiorari* is filed with the Supreme Court, a judgment becomes final for the purposes of § 2244(d)(1)(A) when the time for filing the petition expires. United States ex. rel. Gonzalez v. DeTella, 6 F.Supp.2d 780, 781 (N.D.Ill. 1999) (*rev'd on other grounds*). Under Supreme Court Rule 13, the time for filing expires 90 days after the entry of judgment to be reviewed. Therefore, the judgment in Rice's case became final, and the statute of limitations began to accrue, on September 3, 1997 - 90 days after the Illinois Supreme Court denied Rice leave to appeal on June 4, 1997.

Thus, the one-year statute of limitations for Rice to file a habeas petition expired on September 3, 1998, unless the statute of limitations was tolled. Rice filed his current habeas petition on June 30, 2000, well after the statute of limitations expired. Therefore, if the statute of limitations was not tolled, Rice's petition is time-barred.

3

**II    Tolling of statute of limitations**

**1. The effect of state post-conviction filings**

Under the AEDPA, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Rice filed a post-conviction petition on September 12, 1996. His post-conviction proceedings concluded on October 6, 1999. Therefore, if the application for state post-conviction relief was "properly filed," the June 30, 2000 filing would be within the one-year statute of limitations.

**a. The state post-conviction petition**

A post-conviction petition that is untimely under Illinois law is not "properly filed" within the meaning of § 2244(d)(2). Freeman v. Page, 208 F.3d 572, 574 (7th Cir. 2000). The Illinois appellate court dismissed Rice's post-conviction petition because, *inter alia*, it was untimely.[1] Resp. Br., Ex. K at 8. The Illinois Supreme Court denied Rice's appeal of this decision. Id. at Ex. M. Therefore, Rice's petition was not properly filed, and his one-year statute of limitations was not tolled.

Rice argues this court should treat his petition as timely despite the state courts' resolution of the state-law dispute. He argues that this court should review *de novo* the state courts' determinations that the post-conviction petition was untimely. However, the state courts' decisions as to whether a post-conviction petition is properly filed is a matter of state law that is binding on the reviewing federal court. Freeman, 208 F.3d at 575.

---

[1] The court dismissed Rice's petition under 725 ILCS 5/122-1, which provides that the time limit for filing a post-conviction petition is six months after denial of a petition for leave to appeal or issuance of an Illinois Supreme Court opinion; or three years after the date of conviction, whichever is later. These time limitations apply unless the petitioner alleges facts showing that the delay was not due to his culpable negligence.

4

Rice argues Freeman does not apply to him because, unlike the defendant in that case, he never had an opportunity to litigate the timeliness of the state post-conviction petition before the state courts. This argument fails because Rice did have the opportunity to litigate this issue in state court. The state first raised the issue before the Illinois appellate court. Rice had the opportunity to respond to the argument in his appellate brief. Moreover, Rice took advantage of this opportunity and addressed the state's timeliness argument. He argued to the appellate court that the state waived its timeliness argument, and that the delay in filing the petition was not due to Rice's culpable negligence, but rather to his attorney's mistake. Resp. Br., Ex. N, p. 4-8. The appellate court rejected Rice's argument that the state waived its timeliness objection. Id. at Ex. K, p. 10. The state appellate court also rejected Rice's argument that the delay was not due to his culpable negligence. Id. at p. 11. Rice appealed these decisions to the Illinois Supreme Court, which rejected his petition for leave to appeal. Id. at Ex. M. Rice's argument that he did not have an opportunity to litigate the state courts' rejection of his petition as untimely is without a basis in the record.

### b. Due process right to an evidentiary hearing

Rice argues his right to due process under the Fourteenth Amendment was violated when the state refused to grant him an evidentiary hearing on the issue of whether his state post-conviction petition was timely filed. This argument must fail. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." McKenzie v. City of Chicago, 118 F.3d 552, 557 (7th Cir. 1997). Rice was given the opportunity, and used that opportunity, to argue his claims of waiver and culpable negligence to the state appellate court. The appellate court considered Rice's claims and rejected them. The state courts' procedure did not violate Rice's due process rights.

5

Rice also argues that he is entitled to an evidentiary hearing before this court. Burris v. Parke, 116 F.3d 256, 259 (7th Cir. 1997); Berry v. Gramley, 74 F.Supp.2d 808, 809 at n.1 (N.D.Ill. 1999). This argument lacks merit. A federal hearing is required only when the habeas petitioner has alleged facts that, if proved, would entitle him to relief. Porter v. Gramley, 112 F.3d 1308, 1314 (7th Cir. 1997) (citing Townsend v. Sain, 372 U.S. 293 (1963)). Rice has not alleged facts that would entitle him to relief. Rice alleges that the state court incorrectly ruled that his post-conviction petition was not timely filed. This is a question of state law. Perceived errors of state law are not cognizable on federal habeas review. Pulley v. Harris, 465 U.S. 37, 41 (1984).

### c. Due process right to present a defense

Rice argues that his due process right to present a valid defense was violated when the state court refused to conduct a hearing on the issue whether his post-conviction petition was not time-barred, citing People v. Moore, 133 Ill.2d 331 (Ill. 1990); People v. Keeney, 45 Ill.2d 280 (Ill. 1970); Rodriguez v. United States, 395 U.S. 327 (1969); Lozada v. Deeds 498 U.S. 430 (1991); Bell v. Lockhart, 795 F.2d 655 (8th Cir. 1986). None of these cases is applicable here. Each case relates to an attorney's error on direct appeal. The error by Rice's attorney was made on collateral review. Due process does not prevent this error from foreclosing his appeal on statute of limitations grounds. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991). Further, Rice was given an opportunity to present his defense on the untimeliness argument in his brief to the Illinois appellate court.

### d. Waiver of the state's timeliness argument

Rice argues that the state waived its untimeliness objection and therefore his petition should be treated as timely. This argument lacks merit. The state appellate court explicitly rejected Rice's argument that the state waived its untimeliness objection. Resp. Br., Ex. K, p. 9. The Illinois Supreme

6

Court denied leave to appeal. Id. at Ex. M. This court is bound by the Illinois appellate court's interpretation of state law as to whether the untimeliness argument was waived. R.A.V. v. City of St. Paul, 505 U.S. 377 (1992); Freeman, 208 F.3d at 575. This is not a proper claim for habeas review. Pulley, 465 U.S. at 41.

### e. Constitutionality of 725 ILCS 5/122-1(c)

Finally, Rice argues that the Illinois post-conviction hearing statute, 725 ILCS 5/122-1(c), violates his Fourteenth Amendment rights to due process and equal protection because it irrationally treats identically-situated prisoners differently. This argument is frivolous.

The portion of 725 ILCS 5/122-1 challenged provides:

> (c) No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed . . . or 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence.

Rice argues that this provision violates due process because defendants who file a direct appeal must file a post-conviction petition within six months after denial of leave to appeal, but defendants who do not file a direct appeal have three years from the date of their conviction to file a post-conviction petition. Rice argues that this provision irrationally treats identically-situated individuals differently.

Rice has not argued that the challenged provision involves a suspect class or a fundamental right. Therefore, in order to establish that this provision violates the equal protection or due process clauses of the Fourteenth Amendment,[2] Rice must show there is no rational relationship between the classification in the statute and a legitimate government purpose. Heller v. Doe, 509 U.S. 312, 320

---

[2] The standard for validity is the same under either clause. Turner v. Glickman, 207 F.3d 419, 424, 426 (7th Cir. 2000).

7

(1993). A statute is presumed constitutional and the burden is on the one attacking the legislative provision to negative any conceivable basis that might support it. Id. at 320-21.

Rice has not met this burden. He alleges that the statute treats identically-situated individuals differently. However, the individuals treated differently by the statute are not identical. One group has chosen to pursue a direct appeal, while the other has not. Rice further argues that the different treatment of these two groups is irrational. Without presuming to know why the Illinois legislature chose to make the distinction it did, there are many rational reasons upon which a distinction may be made between individuals who have chosen to pursue a direct appeal and those who have chosen not to.[3] Choosing to pursue a direct appeal consumes state time and resources, and provides a defendant with an opportunity for judicial review. Allowing those who do not file a direct appeal a longer period to seek post-conviction collateral relief is rational. This is only one potential basis upon which the legislation may have been founded, but it is enough. Id. at 319 (classification must be upheld if any reasonable conceivable state of facts could provide rational basis for classification). Rice's argument that 725 ILCS 5/122-1(c) violates due process and equal protection must be rejected.

## 2. The original federal habeas corpus petition

Rice originally filed a habeas petition with this court on November 13, 1997. This petition was dismissed without prejudice for failure to exhaust state remedies. Dismissal of Rice's petition, rather than staying the petition until state remedies were exhausted, was proper. Slack v. McDaniel, 120 S.Ct. 1595, 1606 (2000); Heck v. Humphrey, 997 F.2d 355, 357 (7th Cir. 1993) (dismissal proper even if dismissal will lead to a defense of statute of limitations upon re-filing). Rice's filing

---

[3] "It is entirely irrelevant for constitutional purposes whether the conceived reason for the challenged distinction actually motivated the legislature." FCC v. Beach Comm., Inc., 508 U.S. 307, 315 (1993).

8

of a previous habeas petition did not toll the statute of limitations for the current petition. Slack, 120 S.Ct. at 1606 (petition filed after a previous petition was dismissed on exhaustion grounds is treated as a first petition); Heck, 997 F.2d at 357. Rice's only potential recourse is the doctrine of equitable tolling. Id.

### 3. Equitable tolling

The AEDPA one-year statute of limitations is subject to equitable tolling. Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999). Under this doctrine, Rice's failure to file his habeas petition within the limitations period may be excused only if he shows that he "could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." Id. at 597-98. In other words, "[e]xtraordinary circumstances far beyond the litigant's control must have prevented timely filing." United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. May 15, 2000). Equitable tolling is granted sparingly. Id. (citing Irwin v. Dep. of Veterans Affairs, 498 U.S. 89, 96 (1990)).

Rice has not proffered any conditions that entitle him to equitable tolling. Rice possessed all the necessary information to file a habeas corpus petition prior to expiration of the statute of limitations. No allegation of circumstances beyond Rice's control that preventing his timely filing have been advanced.

Rice's contention that the state waived its statute of limitations defense is not a ground for equitable tolling. Equitable tolling is concerned with whether Rice exercised reasonable diligence in the pursuit of his claim. Taliani, 189 F.3d at 597. Rice's argument is irrelevant to the question whether he was diligent in filing his post-conviction petition.

9

Rice contends the state petition was untimely filed due to the error of counsel as a basis for equitable tolling. "A lawyer's mistake is not a valid basis for equitable tolling." Taliani, 189 F.3d at 598. "The petitioner bears the risk in federal habeas for all attorney errors made in the course of representation," because "the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation." Coleman, 501 U.S. at 753-54.

Finally, the fact that Rice filed a habeas petition with this court on November 13, 1997, does not establish a basis for equitable tolling. The Seventh Circuit has allowed for the possibility of equitable tolling where an original habeas petition is dismissed and a new habeas petition is barred by the statute of limitations. Heck, 997 F.2d at 357. However, in order to invoke equitable estoppel in this situation, a petitioner must "proceed with due diligence to exhaust his state remedies and to file the renewed [habeas] suit as soon as possible afterward." Id. at 358. Rice has failed to satisfy this requirement. Rice failed to pursue his state claims with due diligence. He filed his post-conviction appeal in the Illinois appellate court 13 months after the trial judge dismissed the post-conviction petition.[4] The appellate court then affirmed the dismissal of Rice's post-conviction petition as untimely.

In addition, Rice failed to pursue his federal claims with due diligence. Though he filed a habeas petition on November 13, 1997, this filing did not toll the statute of limitations. Even if Rice believed that this filing tolled the statute of limitations, an erroneous belief would not justify equitable tolling. See United States v. Griffin, 58 F.Supp.2d 863, 868 (N.D.Ill. 1999) (claim of ignorance of the law not sufficient to warrant equitable tolling). At the very least, Rice should have filed a habeas

---

[4] The trial court dismissed Rice's claims on February 26, 1997; Rice filed his state appeal from this decision on March 20, 1998.

petition immediately after the Illinois Supreme Court rejected his final post-conviction appeal on October 6, 1999. Instead, Rice did not file this habeas petition until June 30, 2000, nearly nine months later.[5]

Rice's failure to pursue his state and federal claims with due diligence is further evidenced by the fact that Rice was represented by counsel throughout his post-conviction proceedings, in both federal and state court. This is not the case of an unwary *pro se* prisoner caught in an interjurisdictional procedural web. Rice's attorney should be well aware of the procedural aspects of post-conviction proceedings. He failed to follow them. This failure must be attributed to Rice. His attorney acted as his agent in all post-conviction proceedings. Marcello, 212 F.3d at 1010.[6]

## III    Merits of Rice's claims

Even if this court were to consider Rice's petition on the merits, it does not appear that there is any merit to his claims. Most of Rice's habeas claims are based on purported errors by the trial court involving application of state law. Rice contends that the trial court improperly excluded exculpatory evidence [Count 1]. He asserts that the trial court erred in its opening jury instructions [Count 2], as well as its closing jury instructions [Counts 3 and 4]. He further argues that the trial court improperly denied a severance between Rice and a co-defendant [Count 5]. He fails to establish

---

[5] Rice filed an inappropriate motion to "renew" his original habeas petition on May 9, 2000, seven months after his post-conviction proceedings were exhausted.

[6] Marcello demonstrates that one's circumstances must be extraordinary in order for equitable tolling to apply. In that case, the habeas petition was filed one day after the filing deadline because, *inter alia*, the attorney's father had just passed away. Equitable tolling for one day was not granted. Id. at 1010.

11

that these purported trial errors raise a constitutional basis for habeas review. Brecht v. Abrahamson, 944 F.2d 1363, 1374 (7th Cir. 1991); Gilmore v. Taylor, 508 U.S. 333, 344 (1993).

In addition, Rice claims the prosecution did not turn over material adversely affecting a prosecution witness' credibility, in violation of Brady v. Maryland. He asserts that Officer Drozd, the prosecution's eyewitness, had a drinking problem and that while undercover Drozd consorted with members of a rival gang. Rice requested information of "rumors" he had heard about Officer Drozd. The prosecution responded that it did not have "rumor" information. Rice speculates the prosecution had "rumor" information, and claims he is entitled to discovery to determine whether a Brady violation occurred. Rice clearly has no evidence of a Brady violation. Moreover, Rice must show that there is a reasonable probability that "rumor" information would be admissible evidence that would have affected the result at trial. United States v. Bagley, 473 U.S. 667, 682 (1985). He must also show prejudice due to the violation. United States v. Cruz-Velasco, -- F.3d --, 2000 WL 1160859 (7th Cir. Aug. 17, 2000). Prejudice exists when the defendant "is unduly surprised and lacks an adequate opportunity to prepare a defense, or when the violation substantially influences the jury." Id. Rice has not met this burden.

## CONCLUSION

The petition ro a write of habeas corpus is denied.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

September 29, 2000

12