Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3997 | **DATE** | 9/7/2001 |
| **CASE TITLE** | KEVIN RICE vs. EDWIN BOWEN, Warden, Centralia Correctional Center | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The petition for a writ of habeas corpus [1-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | 38 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 9/7/2001 | |
| SB | courtroom deputy's initials | 01 SEP -7 PM 7:33 | date mailed notice CB | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN RICE | ) | |
| | ) | |
| Plaintiff, | ) | No. 00 C 3997 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| EDWIN BOWEN, WARDEN, | ) | |
| CENTRALIA CORRECTIONAL CENTER | ) | |
| | ) | |
| Defendant. | ) | |

**DOCKETED**
**SEP 1 0 2001**

## MEMORANDUM OPINION AND ORDER

Petitioner Kevin Rice seeks a writ of habeas corpus against Edwin Bowen ("the state") to vacate his conviction pursuant to 28 U.S.C. § 2254.

### PROCEDURAL BACKGROUND

In 1992, Rice was convicted of possession of heroin in the Circuit Court of Cook County, Illinois. He was sentenced to a prison term of 20 years. On May 27, 1993, the Illinois Appellate Court reversed his conviction because the trial court excluded statements by Rice's co-defendant that were against his penal interest at a suppression hearing. *People v. Rice*, 247 Ill.App.3d 415, 617 N.E.2d 360 (1st Dist. 1993). The Illinois Supreme Court reversed and remanded, finding the trial court did not err in excluding the testimony at Rice's trial. *People v. Rice*, 166 Ill.2d 35, 651 N.E.2d 1083 (1995). The appellate court affirmed all remaining issues. *People v. Rice*, 286 Ill.App.3d 394, 617 N.E.2d 360 (1st Dist. 1996). Rice filed a petition for leave to appeal to the Illinois Supreme Court, which was denied. *People v. Rice*, No. 82941 (Ill.1997).

While pursuing his direct appeal, Rice also filed a post-conviction petition in the Circuit

1

Court of Cook County. That court summarily dismissed the petition as frivolous and without merit pursuant to 725 ILCS 5/122-2.1. *People v. Rice*, No. 89 CR 16842 (1997). The dismissal was affirmed by the appellate court. *People v. Rice*, No. 1-97-1181 (Ill. App. Ct. 1999). Rice's appeal of that decision to the Illinois Supreme Court was denied. *People v. Rice*, No. 87765 (Ill. 1999).

Rice originally filed his habeas petition in this court on November 13, 1997. *Rice v. Haws*, No. 97 C 7908 (N.D.Ill.1997). The petition was dismissed without prejudice for failure to exhaust state remedies. Rice moved to renew his habeas petition before this court, and the court struck the renewed petition and supporting memorandum, suggesting that Rice file a new petition. Rice filed this petition for a writ of habeas corpus. *Rice v. Bowen*, No. 00 C 3997. The petition alleges various errors in Rice's trial: exclusion of exculpatory evidence, improper jury instructions, and refusal to grant a severance from the co-defendant. The petition also alleges the prosecutors at his trial failed to provide exculpatory evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). This court denied the petition for a writ of habeas corpus because it was barred by the statute of limitations. 28 U.S.C. § 2244. Rice appealed, and the Seventh Circuit reversed and remanded because it found the petition timely. *Rice v. Bowen*, No. 00-4034 (7th Cir. 2001).

**STATEMENT OF FACTS**

The factual findings of a state trial or appellate court are presumed true in a federal habeas proceeding unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). There is no evidence before the court to rebut this presumption. Accordingly, the court adopts the Illinois Supreme Court's statement of facts. On June 13, 1989, at 8:30 p.m., Chicago police officers Robert Drozd and Michael Cronin were driving in an unmarked police car northbound on Sacramento Avenue in Chicago. The officers were accompanied by Pat Law, an

2

investigator from the Cook County State's Attorney's office. A Nissan vehicle with tinted windows subsequently passed the unmarked police car. Officer Drozd testified the vehicle was traveling about 40 miles per hour in a 30-mile-per-hour zone. The officers followed the vehicle through the intersection of Sacramento Avenue and Madison Street. Officer Cronin then motioned for the driver of the Nissan to pull over. After the driver complied, both officers exited the police car. Officer Drozd approached the passenger side of the Nissan, while Officer Cronin approached the driver's side.

Officer Drozd testified that the passenger window was rolled down. As Officer Drozd approached the Nissan, he observed Rice, the driver, hand codefendant Raymond Pugh, a brown paper bag that Pugh tucked inside his pants. Pugh, who was seated in the passenger seat, then exited the Nissan. Believing the bag contained a weapon, Officer Drozd conducted a pat-down search of Pugh and recovered from Pugh's pants a bag containing a white, chunky substance, later identified as approximately 103 grams of heroin. Officer Drozd then placed Pugh under arrest. While these events occurred, Officer Cronin was with Rice, who had stepped out of the car on the driver's side. Officer Drozd informed Officer Cronin that he observed Rice hand the paper bag to Pugh. Officer Cronin then placed Rice under arrest.

After the state rested its case, Rice's counsel attempted to call Pugh as a witness. Pugh invoked his fifth amendment right against self-incrimination and refused to testify. Prior to trial, however, Pugh testified in a suppression hearing that he placed the paper bag containing drugs inside his pants about two hours before the police stopped the car. Because Pugh asserted his fifth amendment right, Rice offered into evidence the record of Pugh's suppression hearing. The trial judge ruled the testimony was inadmissible because the issues at the suppression hearing and at trial

were not similar enough to assure that the state had a meaningful opportunity to cross-examine Pugh at the suppression hearing. Rice was convicted of possession of a controlled substance with intent to deliver. He was sentenced to 20 years in prison.

## DISCUSSION

It is undisputed that Rice exhausted his state remedies. Rice raises six grounds for habeas relief. The state contends Rice's claims are either procedurally defaulted, or should be denied on the merits. These arguments are addressed in turn.

### I.     Standard of review

A federal court will not grant habeas corpus relief on any claim adjudicated on the merits by a state court unless: (1) the state court applied a Supreme Court doctrine unreasonably to the facts of the case; or (2) the state court's decision relied on an unreasonable reading of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). For relief based on an unreasonable application of Supreme Court doctrine, the state court's decision must be both incorrect and unreasonable. *Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000).

### II.    Pugh's Suppression Hearing Testimony

Rice contends the trial court improperly denied the introduction of Pugh's suppression hearing testimony at trial. Pursuant to *Chambers v. Mississipi*, 410 U.S. 284 (1973), the Illinois Supreme Court found the introduction of Pugh's prior testimony was unwarranted.

In *Chambers*, the court held in order for a statement to be admissible, it must be against the declarant's interest; and it must be accompanied by sufficient indicia of reliability. *Chambers*, 410 U.S. at 300-301. *Chambers* identified four factors to determine the trustworthiness of a statement against penal interest: (1) whether the statement was made by a close acquaintance shortly after the

4

crime; (2) whether the statement was corroborated by other evidence; (3) whether the statement was against the declarant's interest; and (4) whether the declarant was subject to sufficient cross-examination. *Id.*

The Illinois Supreme Court affirmed the trial court's ruling that Pugh's statement was properly excluded because the state did not have an opportunity to adequately cross-examine Pugh; Pugh's statement was not a spontaneous comment; Pugh had a motive to testify falsely; and there was an absence of corroborating evidence to his statement. This court's inquiry is limited to whether the Illinois Supreme Court's application of *Chambers* was "at least minimally consistent with the facts and circumstances of the case." *Sanchez v. Gilmore*, 189 F.3d 619, 623 (7th Cir. 1999).

The Illinois Supreme Court's application of *Chambers* was reasonable. The state's cross-examination of Pugh at the suppression hearing was limited to whether Officer Drozd saw Pugh tuck a brown paper bag into his pants. The state did not inquire into Pugh's relationship with Rice, or Rice's culpability in the crime. Moreover, Pugh's statement was made 22 months after the seizure. Pugh stood to benefit by making the statement at his suppression hearing. Pugh claimed Rice did not hand him the bag in front of Officer Drozd. If the court believed Pugh's statement, Officer Drozd's search of Pugh was unreasonable. The evidence against Pugh would have been suppressed. Thus, Pugh had a motive to lie. For that reason, Pugh's denial that Rice handed him the drugs was not against Pugh's penal interest. Finally, Rice does not point to any corroborating evidence in his petition. Given Pugh's statements cannot satisfy even one of the *Chambers* factors of reliability, the Illinois Supreme Court's decision was not an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254.

5

## II. Trial Court's Opening Remarks

Rice contends the trial court's remarks violated his right to due process:

> If you become convinced beyond a reasonable doubt from all the evidence in the case that either of the defendants is guilty as charged in the information, it will be your duty to find *them* guilty.

*People v. Rice*, 286 Ill. App.3d 394, 675 N.E.2d 944, 947 (1st Dist. 1996). Rice asserts this remark improperly instructed the jury if it found the evidence sufficient to convict either defendant, it should convict both defendants. The error arises because of the word "them," instead of "him."

The Illinois Appellate Court correctly found the remark alone was not a substantial defect that would confuse the jury. The trial court clarified its remarks with additional comments: "remember throughout the trial that each defendant is entitled to have his case decided on the evidence and the law which applies to him, that is you must give separate consideration to each defendant." *Rice*, 286 Ill. App.3d at 298, 675 N.E.2d at 947. The trial court also stated: "[a]ny evidence which is limited to one defendant should not be considered by you as to any other defendant." *Id.*

Instructions in criminal cases should not be viewed in isolation, but rather must be considered as a whole. *Francis v. Franklin*, 471 U.S. 307, 315 (1985); *People v. Hester*, 131 Ill.2d 91, 98, 544 N.E.2d 797, 801 (1989). The trial court not only clarified its opening remarks, it provided jury instructions at the close of trial, including the presumption of innocence. Indeed, Rice refers to a jury instruction in his petition that cured any possible misunderstanding: "You should give separate consideration to each defendant. Each is entitled to have his case decided on the evidence and on the law which is applicable to him." Habeas petition at 15. Notably, the jury returned different verdicts for the two defendants.

In light of the misstatement in the opening remarks, the numerous curative remarks, the jury instructions, and the jury's verdict, the Illinois Appellate Court's rejection of Rice's argument was not unreasonable.

**III.   Jury Instruction on Accountability Theory**

Rice argues he was denied due process because the trial court failed to instruct the jury on an accountability theory. Specifically, he contends a proper accountability instruction was necessary because the prosecution relied on the theory that Rice was accountable for Pugh's actions. The Illinois Appellate Court held this argument was waived because Rice failed to object or tender an accountability instruction at trial. *People v. Young*, 128 Ill.2d 1, 58, 528 N.E.2d 461, 477 (1989); *Rice*, 286 Ill.App.3d at 400, 675 N.E.2d at 949.

In general, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (citations omitted); *Harris v. Reed*, 489 U.S. 255, 261 (1989). This doctrine bars consideration of a petitioner's federal claim that a state court declined to address because the prisoner failed to meet a state procedural requirement. *Coleman*, 501 U.S. at 729. To preserve an issue for review by an Illinois appellate court, "both a trial objection and a written post-trial motion about the claim are required." *Rodriguez v. Peters*, 63 F.3d 546, 564 (7th Cir.1995) (citation omitted); *see also People v. Reid*, 136 Ill.2d 27, 38, 554 N.E.2d 174, 179 (1990) ("If a party fails to object at trial or to raise [an] issue in its post-trial motion, the party effectively waives the issue for appellate review"). If a claim is found to be waived by an Illinois appellate court, that constitutes an independent and adequate state ground. *Aliwoli v. Gilmore*, 127 F.3d 632, 634 (7th Cir. 1997); *see also Perez v. O'Sullivan*, No. 98 C 61,

1998 WL 719909 (N.D. Ill. Oct. 7, 1998) (jury instruction argument procedurally defaulted when state court held the argument was waived).

Rice's argument is procedurally defaulted from collateral review unless he shows: (1) good cause for the procedural default and actual prejudice from his failure to raise those claims; or (2) that failure to review the claims would result in a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). The cause and prejudice standard is more rigorous than the plain error standard used on direct review. *United States v. Frady*, 456 U.S. 152, 170 (1982).

Rice does not address procedural default in his petition. Good cause normally requires a showing of an external objective impediment to the petitioner's presentation of his claim, such as unavailability of the factual or legal bases for a claim, or interference by state officials. *Murray v. Carrier*, 477 U.S. 478, 485-87 (1986). There is no evidence in the record that Rice was ignorant of the factual or legal basis for an objection to the jury instructions. Undoubtedly he could have requested an accountability instruction. Since Rice cannot establish good cause, discussion of the prejudice prong is unnecessary.

Furthermore, a federal court may review a defaulted claim only if a fundamental miscarriage of justice is involved. This occurs where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 495-96. Rice does not point to any evidence showing innocence. Therefore, no fundamental miscarriage of justice results from application of the procedural default rule. Consequently, Rice's claim is procedurally defaulted.

IV.     **Jury Instruction on Possession with Intent to Distribute**

Rice contends the jury instruction on the charge of possession with intent to distribute violates the Supreme Court's holding in *Sandstrom v. Montana*, 442 U.S. 510 (1979). The jury instruction

states: "If two or more persons share the immediate and exclusive control or share the intention and power to exercise control over a thing, then each person has possession." *Rice*, 286 Ill.App.3d at 401, 675 N.E.2d at 949. Rice asserts this instruction creates a presumption that shifts the burden of proof to the defendant. Under *Sandstrom*, a presumption that negates the state's burden to prove an element beyond a reasonable doubt violates the Fourteenth Amendment. *Sandstrom*, 422 U.S. at 523-25.

Contrary to Rice's assertion, the jury instructions did not create an improper presumption. The trial court did not use the word "presumption" when stating the elements of possession with intent to distribute. *Rice*, 286 Ill. App.3d at 401, 675 N.E.2d at 949. Additionally, the trial court instructed the jury on the presumption of innocence and the state's burden of proof. Possession was required to be proven beyond a reasonable doubt. *See People v. Nemecek*, 277 Ill.App.3d 243, 660 N.E.2d 133 (1995) (Illinois Pattern Jury Instruction No. 4.16 requires the state to prove possession beyond a reasonable doubt). Rice confuses a jury instruction that defines a term, such as possession, with an instruction that shifts the burden of proof. *See People v. Rentsch*, 167 Ill.App.3d 368, 521 N.E.2d 213 (1988) (Illinois Pattern Jury Instruction No. 4.16 accurately states the law on possession). Accordingly, the Illinois Supreme Court's decision was reasonable and did not violate *Sandstrom*.

## V. Severance

The state contends Rice's severance issue was procedurally defaulted because it was not fairly presented to the state court. "For a constitutional claim to be fairly presented to a state court, both the operative facts and the controlling legal principles must be submitted." *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999). In considering the sufficiency of presentment, the state court must be sufficiently alerted to the federal constitutional nature of the issue to resolve the issue on a federal basis. *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001). The state's argument lacks merit

9

because Rice's argument in his brief to the Illinois Appellate Court relied on *United States v. Echeles*, 352 F.2d 892 (7th Cir. 1965). *Echeles* addressed whether the denial of a severance, where a co-defendant made exculpatory statements, violated a defendant's right to a fair trial under the Sixth and Fourteenth Amendments. *Echles*, 352 F.2d at 898-99; see *also Morales v. Bowen*, No. 00 C 4065, 2000 WL 1307514, at *2 (N.D. Ill. Sept. 12, 2000) (not all elements of the fair presentment test must be satisfied). Thus, Rice's brief sufficiently alerted the Illinois appellate court to a federal constitutional issue. Nevertheless, habeas relief is unwarranted. A trial judge has discretion to determine whether a multi-defendant trial should be severed. See *Madyun v. Young*, 852 F.2d 1029, 1034 (7th Cir. 1998). A court will grant habeas relief only if there is an abuse of discretion, and refusal to sever resulted in a trial that was fundamentally unfair. *Id* at 1034.; *Mack v. Peters*, 80 F.3d 230, 235 (7th Cir. 1996). Joint trials are fundamentally unfair if codefendants present mutually antagonistic defenses or if the actual conduct of the defense of one defendant prejudices that of another. *Id.*

Rice and Pugh's testimony were not antagonistic because there was no actual hostility. *Rice*, 286 Ill.App.3d at 403, 675 N.E.2d at 951. At trial, Rice argued the police lied; they did not see him hand the brown paper bag containing heroin to Pugh. Pugh relied on a theory that the state failed to present evidence he had knowledge of the bag's contents. Both Rice and Pugh relied on the defense of reasonable doubt, and neither pointed the finger at the other. *Rice*, 286 Ill.App.3d at 403-404, 675 N.E.2d at 951; see *also Madyun*, 852 F.2d at 1034 (where both parties argued "I wasn't there," defenses were not antagonistic). Rice's petition points to no evidence to refute this conclusion.

Furthermore, Rice's reliance on *Echeles* is unfounded. The Seventh Circuit has set out a three-part test to determine whether severance must be granted in a situation where a defendant seeks

the exculpatory testimony of a codefendant: "(1) whether the codefendant's testimony would in fact be exculpatory; (2) whether the codefendant would in fact testify; and (3) whether the testimony would bear on defendant's case." *United States v. Tolliver*, 937 F.2d 1183, 1189 (7th Cir. 1991); *see also United States v. Lopez*, 6 F.3d 1281, 1285 (7th Cir.1993). Under the second prong, Rice fails to advance any evidence Pugh intended to testify at his trial if a severance were granted. In fact, Pugh refused to testify at their joint trial. *Rice*, 286 Ill.App.3d at 405, 675 N.E.2d at 951. The Illinois appellate court found Rice failed to present the trial court with any assurance that Pugh would testify if the trials were severed. *Id.* Accordingly, Rice fails to establish the trial court abused its discretion or that his trial was fundamentally unfair.

## VI. Office Drozd's Testimony

Rice contends the state withheld information concerning Officer Drozd's drinking problem and misconduct. Rice asserts a violation of *Brady v. Maryland*, 373 U.S. 83 (1963); he first raised this argument in his post-conviction petition. *See* Resp. Ex. H-J. The Illinois appellate court rejected the *Brady* claim because Rice waived the argument, and the argument was without merit.

Rice's argument is procedurally defaulted. The Illinois appellate court held the argument was waived because the Brady violation was not raised on direct appeal. *People v. Edmonds*, 143 Ill.2d 501, 528, 578 N.E.2d 952 (1991). As noted above, the state court finding of waiver is an independent and adequate state ground to bar consideration of Rice's claim. *Aliwoli*, 127 F.3d at 634. And Rice fails to establish good cause for his procedural default. The Illinois appellate court found Rice was in possession of information about Officer Drozd prior to his post-trial hearing on a motion for a new trial in April 1992. However, Rice failed to raise the issue then or on direct appeal. Additionally, Rice has not made a showing of actual prejudice, or that a fundamental miscarriage of justice would

11

result if his *Brady* claim is not addressed. *See Wilson v. Briley*, 243 F.3d 325, 329 (7th Cir. 2001) (where petitioner makes no showing of good cause and prejudice, or a fundamental miscarriage of justice, procedural default is appropriate).

Rice's argument fails on the merits. It is a violation of due process for the state to suppress evidence favorable to the accused when that evidence "is material either to guilt or to punishment[.]" *Brady v. Maryland*, 373 U.S. 83, 87 (1963). To succeed on a *Brady* claim, Rice must show: (1) evidence in possession of the state was not disclosed to the defense; (2) the suppressed evidence was favorable to the defense; and (3) the suppressed evidence was material. *Brady*, 373 U.S. at 87, 88. Rice points to two pieces of evidence about Office Drozd, which arose in testimony during a federal criminal trial: (1) Officer Drozd stated he had never testified in the past about his drinking problem; and (2) Police Commander Sadler testified he terminated an undercover investigation because Fred Cohn, Rice's defense counsel at that time, insinuated Officer Drozd was a crooked cop. *People v. Rice*, No. 1-97-1181 (May 17, 1999) (unpublished). At the outset, Rice has provided no evidence to indicate a transcript of the federal case was in the possession of the state. *See United States v. Bagley*, 473 U.S. 667, 676 (1985) (exculpatory evidence within knowledge and control of prosecution must be given to defendant).

Furthermore, the evidence was neither exculpatory nor material to Rice's case. The transcript, read in context, demonstrates Police Commander Sadler terminated the investigation in order to protect Officer Drozd's reputation because he was undercover at that time. *People v. Rice*, No. 1-97-1181 (May 17, 1999) (unpublished). The statement that Officer Drozd was a "crooked cop" was an argument by Rice's defense counsel, and therefore was not evidence. Additionally, Officer Drozd only commented that he had never testified to a drinking problem in the past. *Id.* He did not

12

affirmatively testify he suffered from alcoholism, the time-frame for his purported alcoholism, the nature of his drinking problem, or whether he drank on duty. *Brady* does not require a prosecutor to divulge every scintilla of evidence that might conceivably inure to a defendant's benefit. *United States v. Agurs*, 427 U.S. 97, 109-10 (1976). Nor has Rice shown this evidence would be admissible at trial. *Wood v. Bartholomew*, 516 U.S. 1 (1995). Consequently, the state court's ruling as to the *Brady* claim did not involve an unreasonable or incorrect application of federal law.

Finally, Rice contends his right to due process was violated because the Illinois appellate court affirmed the dismissal of his post-conviction relief petition as untimely pursuant to 725 ILCS 5/122-1 *et seq.* This argument is frivolous on its face and must be rejected. *See Dopkowski v. Randolph*, 262 F.2d 10, 12 (7th Cir. 1958) (Illinois Post-Conviction Hearing Act is constitutional); *Barksdale v. Lane*, No. 89 C 4068, 1989 WL 135199, at *2 (N.D. Ill. 1989) (same).

## CONCLUSION

The petition for a writ of habeas corpus is denied.

September 7, 2001

ENTER:

Suzanne B. Conlon
United States District Judge

13